# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY NATIVIDAD MACIAS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>G4S SECURE SOLUTIONS, USA,<br><br>　　　　　　Defendant. | Case No. 2:13-cv-01772-LDG-NJK<br><br>**ORDER**<br><br>Application to Proceed *In Forma Pauperis* (Docket No. 1) |

Plaintiff Johnny Natividad Macias is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on September 27, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*. See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555

1  (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and
2  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct.
3  1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all
4  well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal
5  conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only
6  by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have
7  not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S.
8  at 570.
9       A claim may be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).
10 Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution
11 and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction
12 in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Tribes of*
13 *the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, federal subject matter
14 jurisdiction must exist at the time an action is commenced. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th
15 Cir. 2013). Further, as Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden
16 of proving that the case is properly in federal court. *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th
17 Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

18     **A.**    **Background**
19      Plaintiff alleges discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964
20 ("Title VII"), as well as a harassment claim. Docket No. 1-1. Plaintiff alleges that he was hired by
21 Defendant on June 6, 2011, as a Custom Protection Officer (CPO). *Id*. He alleges that he is 70 years of
22 age. *Id*. Plaintiff alleges that two other CPO co-workers engaged in discrimination and/or retaliation
23 against him, in violation of Title VII. *Id*; *see also* 42 U.S.C. 2000e-2, 2000e-3. He further alleges that, on
24 January 6, 2012, he was told to turn in his weapon. Docket No. 1-1. Plaintiff alleges that the last day he
25 worked for Defendant was January 8, 2012, and that he waited for another post from Defendant, but never
26 received one. *Id*. Plaintiff further alleges that he believes he was fired by defendant in a letter dated
27 February 27, 2012. *Id*. Plaintiff alleges that he believes he was fired as retaliation for complaints he made
28 about hostile working conditions. *Id*. Plaintiff does not specify to whom he made these complaints. *Id*.

Plaintiff also fails to allege whether he filed a complaint with the Equal Employment Opportunity Commission (EEOC) and whether he exhausted his administrative remedies regarding the alleged discrimination and retaliation prior to filing his Complaint. *Id*.

### B. Legal Analysis

In order to bring a Title VII claim in district court, a plaintiff must first exhaust his administrative remedies. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). Under Title VII, a plaintiff must exhaust his administrative remedies "by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B.*, 276 F.3d at 1099. "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.' " *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.Cir.1995) (*quoting Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n. 325 (D.C. Cir.1976)); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge...."). The district court does not have subject matter jurisdiction over a case in which a plaintiff has never presented a discrimination complaint to the appropriate administrative authority. *Sommatino*, 255 F.3d at 709. *See also Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir.2002) (federal subject matter jurisdiction requires a plaintiff to exhaust administrative remedies before seeking adjudication of a Title VII claim by filing a timely charge with the EEOC).

Here, Plaintiff has failed to allege that he exhausted his administrative remedies. As a result, the Court cannot discern whether or not the Court has subject matter jurisdiction over his case, for the Title VII claims. Plaintiff also makes a claim of harassment; however, he has cited the improper statute for his harassment claim. A civil action to restrain harassment of a victim or witness, pursuant to 18 U.S.C. § 1514, must be filed by an attorney for the Government or on the Court's own motion. Therefore, the Court dismisses Plaintiff's entire Complaint, with leave to amend, if he believes he can correct the deficiencies in his Complaint.

. . . .

Accordingly and for good cause shown,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **November 1, 2013**, to file an Amended Complaint, if Plaintiff believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 2nd day of October, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE